UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON WAYNE MCNEAL,<br><br>       Plaintiff,<br><br>    v.<br><br>CANO, et al.,<br><br>       Defendants. | Case No. 1:14-cv-01767-DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Vernon Wayne McNeal ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on October 27, 2014. It was transferred to this Court on November 12, 2014. Plaintiff names Correctional Officer Cano and Appeals Coordinators Ramos, Cota, Jasso and Hall as Defendants.[1]

**A.   LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 11, 2014.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Calipatria State Prison.  The events at issue occurred while Plaintiff was incarcerated at Corcoran State Prison, in Corcoran, California.

On July 4, 2013, Defendant Cano boxed and inventoried Plaintiff's property after he was placed in ASU.

On August 2, 2013, CO Valdez was issuing Plaintiff's legal property so that he could meet a deadline in McNeal v. Evert, et al., 2:05-cv-00441-GEB-EFB.  When he was going through his property, Plaintiff noticed that a lot of it had not been inventoried and packed with the rest of his property.  Plaintiff therefore refused to take possession of any of his property.

A day later, Plaintiff received Defendant Cano's July 4, 2013, inventory sheet.  He alleges that the inventory was not correct, and that Defendant Cano took a "large amount of [Plaintiff's]

2

legal and personal property hoping that it would stop [Plaintiff] from filing" a court action against his co-worker, CO Gonzalez. ECF No. 1, at 8. However, this retaliation also interrupted McNeal v. Evert and McNeal v. Fleming, et al., 2:02-cv-02524-TLN-JFM

Plaintiff filed an appeal about his missing property on September 8, 2013, and it was given Log Number SATF-Z-13-03640. In the appeal, Plaintiff noted that on August 16, 2013, the Court issued an order in McNeal v. Evert, et al., giving him thirty days to file a pretrial statement.

Defendant Jasso returned the appeal on September 10, 2013 because "it was not an appeal." ECF No. 1, at 8. Defendant Jasso also instructed Plaintiff to submit a Request for Interview prior to using the appeals process. Plaintiff contends that this is not supported by Article 8. Plaintiff contends that Defendant Jasso's statements are hindering his due process rights pertaining to his missing legal and personal property. He also alleges that Defendant Jasso's response was to protect Defendants Cano, Jasso, Hall, Cota and Ramos.

Plaintiff contends that Defendant Cano's statement about the inventory and packing in the First Level response was not entirely true. Plaintiff's January 13, 2014, trial date in McNeal v. Fleming, et al., 2:02-cv-02524-TLN-JFM was vacated due to Defendant Cano's failure to inventory and pack all of Plaintiff's property.

On October 10, 2013, Plaintiff wrote to the Warden. He contends that once he wrote the letter, Defendants Hall, Cota, Jasso and Ramos reinstated his September 8, 2013, appeal.

Plaintiff was transferred to Calipatria State Prison on October 25, 2013. After he accepted his property, he discovered that more legal and personal property was missing. Plaintiff filed a second appeal about this missing property. On November 13, 2013, Calipatria gave the appeal Log Number Cal-0-13-02028.

Plaintiff alleges that once Corcoran received his second appeal, Defendants Ramos, Hall, Cota and Jasso gave it the same log number as Plaintiff's first appeal (SATF-Z-13-03640). Plaintiff alleges that this is a violation of the rules governing appeals, and that it was not a mistake. Rather, Plaintiff contends that it was a reprisal for "Plaintiff's method of filing the 602s." Plaintiff believes

3

that Defendants gave the two appeals the same log number in an attempt to confuse Plaintiff, though it did not work. ECF No. 1, at 6.

On December 30, 2013, Plaintiff gave his first appeal to Sgt. Preciado, who placed it in the mail and sent it out that day. Plaintiff states that he was trying to meet his due date of January 6, 2014, for the Second Level review. However, the Appeals Coordinators never sent the appeal back to Plaintiff with a Second Level response. He has not received it as of the date of the complaint.

On March 6, 2014, Plaintiff received notice that the deadline for the Third Level response (for his first appeal) was April 9, 2014. When Plaintiff hadn't received his appeal back from the Second Level of review, he wrote a letter to Defendants Hall and Cota on March 19, 2014, asking where it was. Plaintiff also asked several other officers about his Second Level response, one of which forwarded Plaintiff's inquiry to Defendant Jasso. Defendant Jasso issued a cancellation notice on April 2, 2014, indicating that the second appeal had been cancelled for failing to meet the time restraints. Plaintiff contends that this contradicts the information he received on March 6, 2014, setting an April 9, 2014, deadline. He also contends that Defendant Jasso screened out the wrong appeal for time constraints.

On April 14, 2014, Plaintiff filed an appeal about not receiving his Second Level response from the first appeal. This appeal was given Log Number Cal-0-14-00674. Once it got to Corcoran, the Appeals Coordinator gave it Log Number SATF-0-14-02848 and rejected it.

Plaintiff contends that Defendants Hall, Cota, Jasso and Ramos have gone out of their way to make sure that Plaintiff doesn't have any administrative remedies for his lost property. He alleges that this is a violation of his rights.

**C.     ANALYSIS**

1.     Right to Inmate Appeals

Plaintiff alleges that Defendants Jasso, Hall, Cota and Ramos have handled his appeals in a way that tries to prevent him from administratively challenging his lost property. For example, he contends that Defendant Jasso improperly rejected his first appeal and improperly cancelled an

4

appeal as untimely. He also alleges that Defendants Ramos, Hall, Cota and Jasso improperly gave his second appeal the same log number as his first appeal.

However, insofar as Plaintiff suggests that he has a due process right to the inmate appellate process, he is mistaken. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Plaintiff therefore fails to state a due process claim against Defendants Jasso, Ramos, Hall and Cota based on their handling of his inmate appeals. This deficiency cannot be cured by amendment.

      2.      Deprivation of Property

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted), cert. denied, 132 S.Ct. 1823 (2012).

On the other hand, the Due Process Clause is *not* violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th

Cir. 1994). Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

Plaintiff's claim against Defendant Cano appears to be based on an unauthorized deprivation of property. He alleges that Defendant Cano improperly inventoried his property and took his legal property in an attempt to stop him from filing a court action. Under such circumstances, Plaintiff has an adequate remedy under California law and he is unable to state a due process claim.

Therefore, to the extent that Plaintiff's due process claim is based on an unauthorized deprivation of property, he cannot state a claim.

3. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The exact nature of Plaintiff's retaliation claim, if any, is unclear. Plaintiff suggests that Defendants Ramos, Hall, Cota and Jasso gave his second appeal the same log number as his first appeal as a "reprisal" for Plaintiff's method of filing appeals. While a retaliation claim may be based on an action taken for filing appeals, the action must have been adverse. Here, Plaintiff states that Defendants changed the log number to try and confuse him, but he states that it didn't work. Retaliatory actions must also have a chilling effect, but Plaintiff does not allege any such impact.

For these reasons, Plaintiff fails to state a retaliation claim.

4.     Access to Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva, 658 F.3d at 1011; Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Plaintiff first contends that Defendant Cano took his legal property to prevent him from filing an action against CO Gonzalez. He does not allege, however, that he was actually prevented from filing an action against him. He also contends that Defendant Cano's actions "interrupted" the proceedings in McNeal v. Evert and McNeal v. Fleming. However, a review of the docket in these actions reveals that while trial may have been vacated and reset for various reasons, he currently has a trial date of July 28, 2015, in McNeal v. Evert, and November 2, 2015, in McNeal v. Fleming.[2] Plaintiff has therefore failed to demonstrate any actual prejudice and he fails to state a claim for denial of access to the courts.

**D.    CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint, though he should only amend those claims capable of amendment, as explained above. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

---

[2] The Court may take judicial notice of court records in other cases. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

Dated: **April 7, 2015**                    /s/ *Dennis L. Beck*
                                            UNITED STATES MAGISTRATE JUDGE